Filed 10/9/20  P. v. Calhoun CA2/3
See dissenting opinion

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B296956 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA073433) |
| v. | |
| DAREST MARCUS CALHOUN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge.  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Darest Marcus Calhoun petitioned for resentencing under Penal Code[1] section 1170.95. The trial court summarily denied the petition without appointing counsel. He appeals and contends that he was entitled to have counsel appointed. We reject this contention.

## BACKGROUND

A jury found Calhoun guilty of several crimes, including murder. (*People v. Calhoun* (Nov. 21, 2006, B183242) [nonpub. opn.].) As stated in the opinion affirming his judgment of conviction, the evidence at trial was that Calhoun robbed a restaurant with David Wilson. The victim testified that during the course of the robbery, Calhoun forced him into the kitchen at gunpoint where a struggle over a butcher knife ensued. Calhoun twice shot at the victim, and then at the victim's wife who came into the kitchen during the struggle. Neither the victim nor his wife was hit by the shots fired. Wilson was later found blocks from the restaurant, bleeding from a stab wound to the chest.[2] He died.

The People charged Calhoun with Wilson's murder under the provocative act doctrine, as well as other crimes stemming from the incident. A jury accordingly found Calhoun guilty of the first degree murder of Wilson, attempted murder, robbery, assault with a firearm, and possession of a gun by a felon, with prior serious felony convictions and personal firearm use

---

[1] All further statutory references are to the Penal Code.

[2] Calhoun testified that Wilson forced him at gunpoint to take money from the victim. When the victim picked up a knife and started stabbing Calhoun, Calhoun ran away, leaving Wilson to fight the victim. He did not see how Wilson was stabbed.

findings.  (*People v. Calhoun, supra,* B183242 at pp. 2, 5.)  The trial court sentenced Calhoun to "70 years to life" in prison.  (*Id.* at p. 2.)

Thereafter, our Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.), which took effect January 1, 2019.  That law amended the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, all to the end of ensuring that a person's sentence is commensurate with their criminal culpability.  Based on that new law, a person convicted of murder under a felony murder or natural and probable consequences theory may petition the sentencing court for vacation of the conviction and resentencing, if certain conditions are met.  (§ 1170.95.)

Calhoun petitioned for resentencing under Senate Bill No. 1437.  In his form petition, Calhoun checked boxes indicating: (1) a complaint, information or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) he was convicted of first or second degree murder under one of those doctrines, and (3) he could not now be convicted of first or second degree murder because of changes to sections 188 and 189.  Calhoun also checked boxes to indicate he was not the actual killer; did not with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in committing the first degree murder; and was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony.  He also asked the court to appoint counsel for him during the resentencing process.

3

The trial court summarily denied the petition without appointing counsel for Calhoun.[3]

## DISCUSSION

Calhoun contends the trial court violated his federal constitutional rights by summarily denying his petition without appointing counsel for him.[4]  As we now explain, our principal task in interpreting a statute is to determine legislative intent and to give effect to the law's purpose.  (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 328, fn. 8 (*Verdugo*), review granted Mar. 18, 2020, S260493.)  Our task leads us to conclude that the trial court properly summarily denied the petition because Senate Bill No. 1437 does not apply to the provocative act theory of murder.

Under Senate Bill No. 1437, malice may no longer be imputed to a person based solely on the person's participation in the crime; now, the person must have acted with malice aforethought to be convicted of murder.  (§ 188; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.)  To that end, the natural and probable consequences doctrine of accomplice liability no longer applies to murder.  And a participant in enumerated crimes is liable under the felony-

---

[3] The trial court found that Calhoun was a major participant in the crime who acted with reckless indifference to life.

[4] This issue is currently on review in *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598.  Specifically, the Supreme Court is considering whether superior courts may consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95 and when the right to appointed counsel arises under subdivision (c) of that section.

4

murder doctrine only if the participant was the actual killer; or with the intent to kill, aided and abetted an accomplice in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life.  (§ 189, subd. (e); see *Munoz*, at pp. 749–750.)

Senate Bill No. 1437 also added section 1170.95.  "Pursuant to subdivision (a) only individuals who meet three conditions are eligible for relief:  (1) the person must have been charged with murder 'under a theory of felony murder or murder under the natural and probable consequences doctrine,' (2) convicted of first or second degree murder, and (3) can no longer be convicted of first or second degree murder 'because of changes to Section 188 or 189 made effective January 1, 2019.' "  (*People v. Drayton* (2020) 47 Cal.App.5th 965, 973.)

Section 1170.95 provides for multiple reviews of a petition by the trial court.  (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 897–898; *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 974; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57–58, review granted Mar. 18, 2020, S260410; *Verdugo*, *supra*, 44 Cal.App.5th at p. 328; but see *People v. Cooper* (2020) 54 Cal.App.5th 106.) Subdivision (b) of section 1170.95 describes an initial review to determine the facial sufficiency of the petition.  (*Verdugo*, at p. 328.)  To be facially sufficient, the petition must contain the petitioner's declaration that the petitioner is eligible for relief according to the criteria in subdivision (a), the case number and year of conviction, and whether the petitioner is requesting appointment of counsel.  (§ 1170.95, subd. (b)(1).)  If the petition is missing any of this information "and cannot be readily ascertained by the court, the court may deny the petition without prejudice."  (§ 1170.95, subd. (b)(2).)  This initial review amounts

5

essentially to a ministerial review to ensure that the right boxes are checked.

Subdivision (c) of section 1170.95 then describes the next two levels of review. It provides, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

The first sentence in subdivision (c) refers to a prebriefing, initial prima facie review to preliminarily determine a petitioner's statutory eligibility for relief as a matter of law. (*Verdugo, supra,* 44 Cal.App.5th at p. 329.) In this step of review, the trial court determines, based upon its review of readily ascertainable information in the record of conviction and the court file, whether the petitioner is statutorily eligible for relief. (*Id.* at pp. 329–330.) The court may review the complaint, the information or indictment, the verdict form or the documentation for a negotiated plea, and the abstract of judgment. (*Ibid.*) A Court of Appeal opinion is part of the appellant's record of conviction (*id.* at p. 333), as are jury instructions (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review granted Sept. 23, 2020, S263939). If these documents reveal ineligibility for relief, the trial court can dismiss the petition. (*Verdugo,* at p. 330.)

6

If the record of conviction does not establish as a matter of law the petitioner's ineligibility for resentencing, evaluation of the petition proceeds to the second prima facie review, in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 330.) The trial court must accept as true the petitioner's factual allegations and make a preliminary assessment regarding whether the petitioner would be entitled to relief if the factual allegations were proved. (*Id.* at p. 328.)

We agree with those Courts of Appeal that interpret section 1170.95 to permit a trial court to make an initial determination whether the petitioner may be entitled to relief without first appointing counsel. The structure and grammar of subdivision (c) of that section "indicate the Legislature intended to create a chronological sequence: first, a prima facie showing; *thereafter*, appointment of counsel for petitioner; then, briefing by the parties." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 332, italics added; accord, *People v. Lewis*, *supra*, 43 Cal.App.5th at p. 1140.) As *Verdugo* at pages 328 to 329 noted, to hold otherwise that counsel must be appointed once a petitioner files a facially sufficient petition renders subdivision (c) redundant to subdivision (b)(2).

And, where a cursory review of the record of conviction shows that the petitioner is not entitled to relief under Senate Bill No. 1437, it " 'would be a gross misuse of judicial resources to require the issuance of an order to show cause or even

7

appointment of counsel based solely on the allegations of the petition, which frequently are erroneous.' " (*People v. Lewis*, *supra*, 43 Cal.App.5th at p. 1138.)

That is the case here, because Calhoun was not convicted under either the felony murder or natural and probable consequences doctrines. As he concedes, he was convicted of murder under the provocative act doctrine. The record of conviction confirms that was the theory under which he was convicted, as the jury was instructed on provocative act murder under CALJIC No. 8.12 but not on felony murder or the natural and probable consequences doctrine.

Senate Bill No. 1437, however, does not apply to murderers convicted under the provocative act doctrine. Senate Bill No. 1437 was enacted to "*amend the felony murder rule and the natural and probable consequences doctrine*, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f), italics added.) Section 1170.95, subdivision (a), states that only persons "convicted of *felony murder or murder under a natural and probable consequences theory*" may petition for resentencing. (Italics added.)

Further, Senate Bill No. 1437 provides that a defendant cannot now be convicted of "murder absent a showing of malice, with the exception of felony murder as limited by section 189, subdivision (e)." (*People v. Lee* (2020) 49 Cal.App.5th 254, 262, review granted July 15, 2020, S262459.) However, unlike the natural and probable consequences doctrine or felony murder, a conviction under the provocative act theory of murder necessarily

requires a finding of malice.  That is, the doctrine makes the perpetrator of an underlying crime liable for the killing of an accomplice by a third party.  (*People v. Cervantes* (2001) 26 Cal.4th 860, 867.)  The usual scenario is when a police officer or, as here, the victim, kills the defendant's accomplice.  (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654.)  To be convicted under this doctrine, there must be proof the defendant "personally harbored the mental state of malice, and either the defendant or the accomplice intentionally committed a provocative act that proximately caused an unlawful killing."  (*Id.* at p. 655.)  As our colleagues in Division One have therefore observed, because provocative act murder requires a finding of malice, a defendant convicted of murder under that doctrine is ineligible for resentencing under section 1170.95 since such a conviction does not rely on the imputation of malice based on the mere participation in an underlying crime.  (*Lee*, at p. 262.)  The malice is harbored by the defendant himself.

As Calhoun was convicted of provocative act murder, he is ineligible for resentencing.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


DHANIDINA, J.


I concur:



EDMON, P. J.


9

LAVIN, J., Dissenting:

For the reasons laid out in my dissent in *People v. Tarkington* (2020) 49 Cal.App.5th 892, 917, review granted August 12, 2020, S263219, I would reverse the order. (See also *People v. Cooper* (2020) 54 Cal.App.5th 106, 112 [trial court must give the parties an opportunity to submit briefing before denying a facially sufficient petition].) To be sure, the Attorney General urges affirmance because he believes any error in failing to appoint counsel was harmless. By harmless, the Attorney General means that defendant is ineligible for relief as a matter of law because defendant was convicted under the provocative act doctrine. But the erroneous deprivation of counsel has consequences that are necessarily unquantifiable and indeterminate, and "[h]armless-error analysis in such a context would be a speculative inquiry into what might have occurred in an alternate universe." (*United States v. Gonzalez-Lopez* (2006) 548 U.S. 140, 150.) Accordingly, I need not reach any other issues, including whether defendants convicted of murder under the provocative act doctrine are eligible for relief under Penal Code section 1170.95.

LAVIN, J.